# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARDELLA JABARA, | : | |
| Plaintiff | : | |
| v. | : | Civil No. 1:12-CV-1833 |
| JUSTIN LANG and P&B TRANSPORTATION, INC., | : | (Judge Kane) |
| | : | (Magistrate Judge Carlson) |
| Third-Party Plaintiffs/Defendants | : | |
| v. | : | |
| TRINITY TRANSPORTATION GROUP, et al., | : | |
| Third-Party Defendants | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

Late on the evening of September 18, 2010, an elderly woman, Ardella Jabara, was walking through the truck parking lot at the Sidling Hill Plaza West on the Pennsylvania Turnpike. (Doc. 1, ¶7) Jabara was returning to her seat on the Trinity Coach bus in which she was riding on a trip between Hershey, Pennsylvania and Michigan. (Id., ¶8.) As Jabara approached the bus, which was parked amidst various tractor-trailers, one of the tractor-trailers, operated by Justin Lang, and owned by

P&B Transportation, Inc., pulled forward, striking Jabara, and knocking her to the ground. (Id., ¶¶ 9-13.)

On September 12, 2012, Jabara brought this negligence action against Lang and P&B Transportation arising out of this turnpike rest stop accident. (Doc. 1) Lang and P&B, in turn, filed a third party complaint against a number of other entities and individuals. (Doc. 8) These third party defendants included the bus company which was transporting Jabara at the time of her accident, Trinity Transportation Group, a/k/a, Trinity Inc., and Trinity's bus driver, William Brumfield, a/k/a Billy Brumfield. (Id.) As to these third party defendants, Lang and P&B alleged that Trinity and Brumfield were contributorily negligent for discharging Jabara from the bus late at night in the midst of a tractor trailer parking lot rather than allowing her to alight from the bus directly at the Sidling Hill rest stop. (Id.)

Trinity and Brumfield have now filed a motion for summary judgment, requesting that they be dismissed from this action. (Doc. 82) This motion has been opposed by Lang, the third party plaintiff, (Docs. 85-6), and by one of the remaining third party defendants, Sunoco, (Docs. 89-90), and, therefore, appears ripe for resolution. For the reasons set forth below, it is recommended that this motion for summary judgment be denied.

## II. Discussion

### A. Rule 56–The Legal Standard

Trinity and Brumfield have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56 (a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec.

3

& Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

### B. Rule 14 Joinder Standards

In their motion Trinity and Brumfield argue at the outset that they are not properly impleaded in this action as third party defendants. Thus, the instant motion

call upon us to consider the legal standards governing third party practice in federal court. Those legal standards are defined, in large measure by Rule 14 of the Federal Rules of Civil Procedure.

Pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, a defending party may join a nonparty "who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). The district court has the discretion to permit joinder. See Morris v. Lenihan, 192 F.R.D. 484, 487 n.3 (E.D. Pa. 2000). A third-party plaintiff may use Rule 14(a) to implead a third-party defendant only if the proposed third-party defendant may be liable to the third-party plaintiff derivatively or secondarily. See Naramanian v. Geyhound Lines, Inc., Civ. A. No. 07-CV-4757, 2010 U.S. Dist. LEXIS 121145, 2010 WL 4628096, at *2 (E.D. Pa. Nov. 15, 2010) (citing FDIC v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994)). Thus, joinder is not available when a defendant seeks to join a third party who may only be liable to the plaintiff. Id. In order to prevail on a motion to join a third-party defendant, a third-party plaintiff must demonstrate some substantive basis for its claim against the proposed third-party defendant. Pitcavage v. Mastercraft Boat Co., 632 F. Supp. 842, 845 (M.D. Pa. 1985) (citing Robbins v. Yamaha Motor Corp., U.S.A., 98 F.R.D. 36 (M.D. Pa. 1983)).

If a court finds that these requirements have been satisfied, "motions for joinder should be freely granted to effectuate the purposes of the impleader rules." Hartford Cas. Ins. Co. v. ACC Meat Co., LLC, Civ. A. No. 1:10-CV-1875, 2011 U.S. Dist. LEXIS 9945, 2011 WL 398087, at *2 (M.D. Pa. Feb. 2, 2011). As this Court has previously explained:

> Joinder under Rule 14(a) is meant to avoid circularity of action and eliminate duplication of suits. See Judd, 65 F.R.D. at 615; see also Monarch Life Ins. Co. v. Donahue, 702 F.Supp. 1195, 1197 (E.D.Pa.1989) (stating that the aim of Rule 14 is to "accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits") (internal citations and quotations omitted); 6 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure 3d § 1443 (2004). In accordance with this broad purpose, Rule 14(a) has been liberally interpreted to allow the joinder of third-party claims despite allegations of different causes of action or different theories of liability from the original complaint. See Judd, 65 F.R.D. at 614; Monarch Life, 702 F.Supp. at 1198. The factors the court should consider include the timeliness of the motion, and whether joinder would introduce an unrelated controversy, unduly complicate the case, or prejudice the plaintiff. See Judd [v. General Motors Corp., 65 F.R.D. 612, 615 (M.D. Pa. 1974)].

Id.

Applying these legal benchmarks, federal courts have endorsed the use of Rule 14 joinder to consolidate claims arising motor accidents, reasoning that such joinder is particularly appropriate in jurisdictions which have adopted comparative negligence statutes since joinder of all parties allows for a full assessment of all

potential, comparative negligence arising out of a single episode. See Tietz v. Blackner, 257 F.R.D. 510 (D. Utah 1994)(Construing Utah's comparative negligence statute). Pennsylvania is a comparative negligence jurisdiction, see 42 Pa.C.S. §7102, and case law in Pennsylvania clearly contemplates the joinder of multiple parties in a single lawsuit arising out of a motor vehicle accident. See generally, Ross v. Tomlin, 696 A.2d 230 (Pa. Super. Ct. 1997)(acknowledging joinder of multiple defendants in a chain reaction automobile accident); Shamey v. State Farm Ins. Co., 331 A.2d 498 (Pa. Super. 1974)(discussing apportionment of liability among defendants in accident case involving successive collisions). In such instances the goals of Pennsylvania's comparative negligence statute, the apportionment of liability among defendants based on their relative degree of causal fault, are promoted through joinder of all potentially culpable parties in a single action. See 42 Pa.C.S. §7102.

Moreover, as Lang aptly observes, third party defendants like Trinity and Brumfield may also be held liable under Pennsylvania law as joint tort-feasors if their actions combined to cause a single injury to a plaintiff. See 42 Pa. C.S. §8322. In such instances a right to contribution would exist among those found to be joint tort-feasors. Thus, we find as a threshold matter that in these circumstances Rule 14 would permit joinder of Trinity and Brumfield as third party defendants, to the extent that they share some comparative or joint liability in this accident.

## C. Disputed Factual Issues Preclude Summary Judgment in this Case

In this case we also find that disputed material issues of fact preclude summary judgment in favor of either Trinity or Brumfield at this time. At the time of this accident, September 18, 2010, Trinity and Brumfield were serving as common carriers, transporting Ardella Jabara. Under Pennsylvania law, a common carrier like Trinity is "one who holds himself out to the public as engaged in the business of transportation of persons or property from place to place for compensation, offering his services to the public generally." Lynch v. McStome & Lincoln Plaza Assocs., 548 A.2d 1276, 1279 (Pa. Super. 1988) (citing Kelly v. General Electric Co., 110 F. Supp. 4, 6 (E.D. Pa. 1953), aff'd 204 F.2d 692 (3d Cir. 1953), cert. denied 346 U.S. 886 (1953). As a common carrier, Trinity Transportation and William Brumfield were also required under Pennsylvania law to exercise the highest degree of care for the safety of its bus passengers. LeGrand v. Lincoln Lines, Inc., 253 Pa. Super. 19, 384 A.2d 955 (Pa. Super. 1978). This duty of care, which was undeniably owed Jabara by Trinity and Brumfield, in turn, may give rise to contributory or comparative negligence on the part of these third party defendants which further justifies joinder under Rule 14. See Tietz v. Blackner, 257 F.R.D. 510 (D. Utah 1994)(Construing Utah's comparative negligence statute).

Moreover, Lang has articulated a theory of third party negligence as to Trinity and Brumfield which draws some factual support from the disputed and contested factual record, arguing that these third party defendants were negligent in discharging Jabara, an elderly passenger entrusted to their care, in the midst of a tractor-trailer parking lot late at night. Given that Trinity and Brumfield owed a duty of care to Jabara, we find that the factual disputes highlighted by the parties in their pleadings relating to whether the third party defendants properly discharged this duty when they left Jabara to foray through this truck parking lot late at night present factual issues for trial. In reaching this result we are mindful of the fact that, in vehicle accidents it has been said that: "Issues of negligence and contributory negligence are rarely appropriate for summary judgment. As courts . . . have repeatedly noted, '[o]nly in exceptional cases will questions of negligence [and] contributory negligence ... pass from the realm of fact to one of law.' Paraskevaides v. Four Seasons Wash., 292 F.3d 886, 893 (D.C.Cir.2002) (quoting Shu v. Basinger, 57 A.2d 295, 295–96 (D.C.1948)); see also Lyons v. Barrazotto, 667 A.2d 314, 322 (D.C.1995) ('[i]ssues of contributory negligence, like issues of negligence, present factual questions for the trier of fact [u]nless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion.') (internal citations omitted). This is no less true in tort claims involving car accidents, as '[a]utomobile collisions at street intersections

nearly always present questions of fact ... Only in exceptional cases will questions of negligence, contributory negligence, and proximate cause pass from the realm of fact to one of law.' Aqui v. Isaac, 342 A.2d 370, 372 (D.C.1975); see generally Mahnke v. Washington Metro. Area Transit Auth., 821 F.Supp.2d 125, 132–33 (D.D.C.2011) (summarizing case law in this area)." Stehn v. Cody, CIV.A. 11-1036 CKK, 2013 WL 4505438 (D.D.C. Aug. 26, 2013). This fundamental truth is also aptly reflected in Pennsylvania case law, which frequently rejects invitations in motor vehicle accident cases on disputed factual records to make judgments regarding negligence and comparative negligence as a matter of law. See, e.g., Burke v. TransAm Trucking, Inc., 605 F. Supp. 2d 647, 649 (M.D. Pa. 2009); Sonnenberg v. Erie Metro. Transit Auth., 137 Pa. Cmwlth. 533, 534, 586 A.2d 1026, 1027 (1991); LeGrand v. Lincoln Lines, Inc., 253 Pa. Super. 19, 21, 384 A.2d 955, 956 (1978).

Given these legal guideposts, we find that the questions of comparative and contributory negligence for the injuries to Jabara arising out of this mishap in which an elderly woman was struck while navigating a tractor trailer parking lot late at night are best determined as a matter of fact, at trial, rather than as a matter of law on summary judgment. Therefore, it is recommended that the third party defendants' summary judgment motion be denied.

## III. Recommendation

Accordingly, for the forgoing reasons, IT IS RECOMMENDED that third party defendants' motion for summary judgment (Doc. 82), be DENIED.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 10th day of December, 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge